### SOLOMON BRIGHT v. ROBERT SANFORD et al.

Covenant — Notice to Subsequent Purchasers Under.

> Where land is conveyed in covenant of warranty by a bond for title, reserving the legal title in the covenantor, it is both notice and binding on subsequent purchasers as privies.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 19, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Bright purchased some fifteen acres of land from Harrad and took his title bond, he afterward sold this land to Sanford and executed his title bond to convey when all the purchase money should be paid, which was secured by notes for different amounts due at different times. Sanford sold the land to Shannon and executed his title bond to convey, etc., and Shannon sold this with some other land to defendant Marshall who now has it in possession.

Bright assigned the note for $50, due March 1, 1852, executed by Sanford, to Brooker, who obtained judgment, execution, and a return of *nulla bona* against Sanford, after which Bright paid his assignee, and thus again became the owner of the debt.

Bright filed this petition to assert his lien on the land for this $50 debt and another one for $25, both being part of the purchase price.

He avers he has the legal title, and is ready to convey, etc., and prays a sale, etc.

Marshall resists the lien, denies that either it or the debts still exist; says Bright has wrongfully obtained the legal title from his vendor, since he sold the land to Sanford, and by cross-petition asks the court to adjudge him the title. The court dismissed Bright's petition because " plaintiff has failed to allege or show

that defendant Shannon and his vendee, Marshall, had notice of his lien when Shannon purchased of Sanford, or Marshall purchased of Shannon." The court evidently misapprehended the law.

Had Bright conveyed the legal title without specifying the unpaid purchase price he would have had no lien as against subsequent purchasers, by virtue of our statute, but this is not the case; he only gave his covenant to convey when the therein enumerated debts were paid; this being the only muniment of title from him, its statements and covenants must be regarded as both notice and binding on subsequent purchasers as privies. Bright rightfully obtained the legal title; indeed it may be regarded as part of his covenant to Sanford, as he bound himself to convey the land on payment.

As he was rightfully invested with the legal title he cannot be divested of it until Sanford complies with his covenants, and those claiming under Sanford stand in no better attitude than he would.

Bright's petition substantially seeks a specific execution of the contract, and he is entitled to this, as against Sanford and all claiming under him; he was entitled to a judgment for the unpaid purchase money.

The judgment is, therefore, reversed, with directions for further proceedings conformable hereto.